**Craig Wines OLIVER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–2197.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1996.

Decided July 24, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 6, 1996.

David A. Dodge (argued and briefed), David A. Dodge, P.C., Grand Rapids, MI, for petitioner–appellant.

Donald A. Davis, Asst. U.S. Atty. (argued), James R. Redford (briefed), Office of the U.S. Atty. for the Western Dist. of Mich., Grand Rapids, MI, for respondent–appellee.

Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.[*]

KENNEDY, Circuit Judge.

Petitioner appeals the denial of a motion to vacate his sentence under 28 U.S.C. § 2255. For the following reasons, we **AFFIRM.**

## I. Facts

Pursuant to a Rule 11 plea agreement, petitioner pled guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841. His plea agreement acknowledged personal involvement in growing at least 100 marijuana plants. A second count of possession of the same marijuana was dismissed. On June 5, 1992, petitioner was sentenced to 150 months imprisonment, later reduced to 72 months pursuant to a 1995 amendment to the sentencing guidelines.[1] The District Court computed petitioner's offense level based on the number of marijuana plants he had grown, even though at the time of his arrest the plants had been "harvested." They had been cut from the field and were being dried when they were confiscated. The District Court also denied defendant a two-level reduction for acceptance of responsibility (JA at 167–68).

On his direct appeal, petitioner argued, among other things, 1) that the District Court improperly sentenced him based on the number of plants instead of the weight of the marijuana involved; and 2) that the District Court improperly denied him the two-level reduction for acceptance of responsibility. In an unpublished opinion, a panel of this court upheld petitioner's sentence, holding that neither the District Court's finding on the number of plants attributable to defendant, nor the District Court's denial of the acceptance of responsibility reduction consti-

tuted clear error. The panel did not reach the legal issue of whether it was proper to sentence defendant based on the number of plants. *United States v. Oliver,* 989 F.2d 501 (6th Cir.1993) (table), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1048, 127 L.Ed.2d 371 (1994).

In his § 2255 petition, petitioner seeks a reduction in his sentence, arguing: 1) that this court's subsequent decision in *United States v. Stevens,* 25 F.3d 318 (6th Cir.1994) (in case of conspiracy to possess with intent to distribute marijuana, the court should use guideline weight-equivalency provision for live plants only), should be retroactively applied to him and would appreciably lower his sentence; and 2) that this court's decision in *United States v. Morrison,* 983 F.2d 730 (6th Cir.1993) (acceptance of responsibility applies to offense of conviction—not to relevant conduct), requires a new hearing on the acceptance of responsibility reduction.

The District Court denied the petition, *Oliver v. United States,* 901 F.Supp. 1262 (W.D.Mich.1995). The District Court reasoned that *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion) barred the retroactive application of *Stevens,* and that the issue of acceptance of responsibility was fully and fairly presented on petitioner's direct appeal.

Petitioner raises the same two issues on appeal. We consider each in turn.

## II. Discussion

### A. Calculating the Quantity of Marijuana

In *United States v. Stevens,* 25 F.3d 318 (6th Cir.1994), decided after petitioner's conviction and sentence had become final, this Circuit held that where a defendant is charged with conspiracy to possess with intent to distribute marijuana, the equivalency provision of the sentencing guidelines assigning each marijuana plant an equivalent weight applies only to possessing live marijuana plants, while the actual weight

---

[*] The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

1. The 1995 amendment to U.S.S.G. § 2D1.1(c) set a new equivalency ratio of 100 grams of

marijuana per marijuana plant. This amendment was specifically made retroactive pursuant to U.S.S.G. § 1B1.10(c). Petitioner has been given the benefit of that reduction.

of the controlled substance applies to marijuana plants that have been harvested. Accordingly, *Stevens* vacated the sentence and remanded for resentencing so that defendant's sentence could be recalculated based on the number of unharvested plants plus the weight of the harvested plants, rather than their number. Petitioner seeks to avail himself of this decision.

The District Court concluded that such a retroactive application of *Stevens* was impermissible under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). This is incorrect. "*Teague* stands for the proposition that *new constitutional rules of criminal procedure* will not be announced or applied on collateral review." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (emphasis added). Since *Stevens* does not announce a new constitutional rule of criminal procedure, its retroactive application is not barred by *Teague* or its progeny.[2]

Therefore, if controlling, *Stevens* could be retroactively applied to petitioner's sentence. However, we believe *Stevens* is distinguishable on the basis of the underlying crime. *Stevens* involved conspiracy to possess with intent to distribute, whereas here, petitioner was convicted of manufacturing (*i.e.*, growing) marijuana. Defendant stipulated in his plea agreement and the colloquy at the time of the entry of the plea that he manufactured, specifically that he grew, at least 100 plants. The indictment charged that he manufactured, that is, grew marijuana. This Circuit recognizes that one reason behind the equivalency ratio in marijuana sentencing is to punish marijuana growers more harshly than mere marijuana possessors.[3] *United States v. Holmes*, 961 F.2d 599, 601 (6th Cir.), *cert. denied*, 506 U.S. 881, 113 S.Ct. 232, 121 L.Ed.2d 168 (1992). If the equivalency ratio were deemed inapplicable in cases such as this, where a convicted grower of marijuana has just harvested his crop, this goal would be frustrated. So long as the government can prove, by a preponderance of the evidence, that a particular grower charged with manufacture grew a particular plant, sentencing should be based on the equivalency ratio in the sentencing guidelines.

Further, the equivalency ratio should remain applicable to harvested plants in manufacture cases in order to treat all defendants convicted of manufacturing the same. Otherwise, the guideline range in post-harvesting manufacture cases would be different depending on how the plants were harvested: where the plants are harvested by cutting their stalks, the usable weight would determine the base offense level, but where the plants are pulled up by the roots the equivalency ratio would apply.[4]

In sum, while *Teague* does not bar the retroactive application of caselaw interpreting the federal sentencing guidelines, *Stevens* is distinguishable from petitioner's case and thus cannot be used to collaterally attack his sentence. *But see United States v. Shields*, 87 F.3d 1194 (11th Cir. 1996) (en banc) (applying the live plant/harvested plant distinction to the sentencing of a grower).

## B. Denial of Acceptance of Responsibility

 Petitioner also asserts that he was improperly denied the acceptance of respon-

2. The only case to have specifically considered this issue is an unpublished Fourth Circuit case, *United States v. McLamb*, No. 95–6773, 1996 WL 79438, at *3 n. 4 (4th Cir. Feb. 26, 1996) (stating that "*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline").

Moreover, we have retroactively applied caselaw interpreting federal sentencing statutes. *United States v. Guardino*, 972 F.2d 682, 687 n. 7 (6th Cir.1992) (noting that *Teague* does not bar the retroactive application of a new authoritative interpretation of the Victim and Witness Protection Act that would in effect diminish defendant's sentence).

3. The equivalency ratio accomplishes this goal by making a policy decision that a grower of one plant is deserving of the same punishment as someone who possessed 100 grams of the drug, even though the yield of the marijuana plant would have been less than 100 grams of consumable marijuana.

4. This is because, under the current guidelines, plants are defined as organisms "having leaves and a readily observable root formation (*e.g.*, a marihuana cutting having roots, a rootball, or root hairs is a marihuana plant)." U.S.S.G. § 2D1.1 (Nov. 1995), comment. (n.18).

sibility reduction because of his failure to admit responsibility for relevant conduct. He argues that this is not a proper basis for denial in light of *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir.1993), which held, in part, that acceptance of responsibility decisions should be based upon acceptance of responsibility for the conduct related to the offense of conviction rather than for other relevant illegal conduct. The District Court concluded that because this issue was fully and fairly presented on direct appeal, petitioner could not now use a § 2255 petition to relitigate it, absent an intervening change in the law.

The District Court was correct. First, *Morrison* does not represent an intervening change in the law. It was decided four months prior to petitioner's appeal and was hence available to the panel. Second, the panel reviewed the District Court's conclusion regarding the denial of the reduction for acceptance of responsibility and concluded that it was not clearly erroneous. Finally, petitioner's argument mischaracterizes the rationale of the District Court in denying him the two-level reduction. The court stated:

> This Court finds that the acceptance of responsibility ... is not applicable at all in this case. This isn't even a close case. No contrition. No remorsefulness. Much less than full cooperation, partially at the behest of his attorney, who apparently misreads this particular section, I think, of the Sentencing Guidelines, that in a guilty plea situation clearly under the use note where the defendant doesn't have to have a two-level reduction, but it's only if the defendant wishes a two-level reduction, then in fact a full and complete truthful statement of guilt and relevant conduct surrounding the guilt must be had. And it is thoroughly lacking in this case. Thoroughly lacking.

> The Presentence Report outlines it in rather careful detail and it's not contested here as to the nature of the statements that were made by this defendant. The statement concerning the legalization of marijuana, the statement concerning the law enforcement officers' role in this case, a person's entitled to hold those beliefs, no

question about that. But to hold those beliefs, the person is not entitled to get the benefit of acceptance of responsibility. You can't have both. So therefore, an adjustment for acceptance of responsibility is not given in this matter.

(JA 167–68) In using the term "relevant conduct" here, the court is not using it in the guideline sense but rather conduct related to the count of conviction or guilt. The petitioner's comments regarding the police officers clearly relate to that count. Petitioner's guideline offense level here was not adjusted for any relevant conduct. Accordingly, petitioner cannot now relitigate this issue here.

### III. Conclusion

For the reasons stated, we **AFFIRM** the decision of the District Court.