**Ronald D. JONES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–5202.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 22, 1998.

Decided May 28, 1999.

Kevin M. Schad (argued and briefed), Schad, Buda & Cook, Cincinnati, OH, for Petitioner–Appellant.

Stuart J. Canale (argued), Paul M. O'Brien (briefed), Office of the U.S. Attorney, Memphis, TN, Joseph C. Wyderko, Department of Justice, Criminal Division, Appellate Section, Washington, DC, for Respondent–Appellee.

Before: KENNEDY and COLE, Circuit Judges, and RUSSELL, District Judge.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

## AMENDED OPINION

COLE, Circuit Judge.

This case first came before this panel on September 22, 1998, and was the subject of a prior opinion (*Jones v. United States*, 161 F.3d 397 (6th Cir.1998)), in which we remanded the case to the district court for further proceedings. After we filed the opinion, the government filed a petition for rehearing en banc. Upon review of the government's petition, we vacate Section II, Part C, of our prior opinion and amend that portion of the opinion. We now affirm the decision of the district court. Our amended opinion follows.

Ronald Jones appeals the district court's dismissal of his motion to vacate his conviction or modify his sentence pursuant to 28 U.S.C. § 2255. On appeal Jones raises three issues. First, he contends that the district court erred by finding that he failed to establish that his lawyer, William Massey, provided ineffective assistance of counsel. Second, Jones claims that the magistrate judge committed reversible error by exceeding the scope of the district court's order to determine whether Jones was prejudiced by Massey's alleged deficient performance. Finally, Jones contends that the district court erred by concluding that a recent amendment to U.S.S.G. § 3B1.1 did not require a new sentencing hearing. For the following reasons, we **AFFIRM** the judgment of the district court.

### I.

On or about February 20, 1991, Jones was arrested and charged with attempted possession with the intent to distribute six kilograms of cocaine, a controlled substance.[1] The arrest was the result of a "drug deal" orchestrated by law enforcement officers. The officers gained the cooperation of Robert and Mel Woods, cousins from whom Jones had made prior drug purchases. Mel was working as an informant for DEA Special Agent James Akagi. Through the Woods' cooperation, the officers videotaped Jones's purchase of what he believed to be cocaine. Jones was arrested shortly afterwards.

Following his arrest, Jones's mother retained William Massey to defend him. Based on conversations with Jones and a review of Jones's criminal history, Massey concluded that entrapment was the only viable defense available to Jones. Because Jones's criminal history did not reflect any prior felony convictions, Massey believed that he could prove that Jones lacked predisposition to commit the offense. Considering that their defense hinged on Jones's lacking a predisposition to commit drug offenses, Massey asked Jones whether he had committed prior offenses or engaged in conduct that could affect their entrapment claim. Though it is his practice to do so, Massey does not specifically remember advising Jones that this type of relevant conduct—conduct that is not formally charged or that did not lead to a conviction—may be used by the court in determining a defendant's applicable sentencing range.

Considering Jones's absence of prior convictions, Massey assured him that if he went to trial there was little chance that the court would impose a sentence exceeding the statutory minimum of ten years pursuant to 21 U.S.C. § 841(b)(1)(A). Massey was not aware at the time, however, that the government had evidence that Jones had made prior purchases from government informants involved in the current undercover operation. The government offered a plea agreement pursuant to which Jones would plead guilty and receive a sentence of five years' imprisonment. Jones rejected the plea offer, presumably based on his belief that he was subject—at most—to ten years' imprisonment. Just before trial, the Assistant United States

---

**1.** Jones was charged with attempted possession because the substance he purchased was not actually cocaine.

Attorney advised Massey that the government had evidence that Jones was involved in other cocaine sales. According to Massey, he asked Jones about the government's claim and advised him that if the government indeed had such evidence it would quash their entrapment defense. Massey could not remember, however, whether he warned Jones that prior drug purchases that did not result in convictions could potentially increase his sentence. In response to Massey's warning, Jones replied: "It's my word against theirs."

At trial, Jones denied involvement in any prior drug sales. According to Jones's testimony, the current charge was the first time he dealt in cocaine, and he only did so at the insistence and urging of the police informants. The jury apparently did not believe Jones and convicted him. Rather than the ten-year sentence Jones believed to be the maximum, the district court sentenced Jones to twenty-seven years' imprisonment, taking into account as relevant conduct the amount of drugs Jones purchased from the Woods brothers on prior occasions.

In addition, the district court applied several enhancements under the guidelines to arrive at Jones's sentence. Among the enhancements it applied was an increase of two levels pursuant to U.S.S.G. § 3B1.1.[2] This guideline provision requires a sentencing court to enhance a sentence two levels if the court finds that the accused served in a managerial or supervisory role during the criminal activity. The court concluded that because Jones had a "high-level" position in the criminal enterprise as evidenced by his financial means of procuring large quantities of cocaine, he qualified for an enhancement under the provision.

Jones appealed his conviction and sentence, including the enhancement for an aggravating role in the offense, and this court affirmed. Jones then filed a motion to vacate his conviction or modify his sentence pursuant to 28 U.S.C. § 2255. Jones asserted first that Massey had rendered ineffective assistance of counsel when he failed to advise Jones of the effect that relevant conduct would have on Jones's sentence. Specifically, Jones claimed that when he had to decide whether to accept a plea offer for five years' imprisonment, Massey failed to advise him that there was a risk that his relevant conduct could increase his sentence dramatically. Second, Jones claimed that intervening changes in the law permitted him to raise several sentencing errors in his motion. Finally, Jones claimed that because he forfeited property seized as a result of his arrest, his subsequent criminal prosecution for the same offense violated the Double Jeopardy Clause.

The district court concluded that Jones's claims of sentencing error did not rise to the level of constitutional significance required for a motion seeking post-conviction relief pursuant to § 2255 or were precluded because they were fully addressed on direct appeal. Moreover, the court concluded that those claims that Jones did not raise on direct appeal were procedurally barred. The court also found that petitioner's claim of double jeopardy was without merit, considering the Supreme Court's holding in *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

■ The district court did order, however, an evidentiary hearing on Jones's ineffective-assistance-of-counsel claim. Specif-

---

2. U.S.S.G. § 3B1.1 provides:

> *Aggravating Role:*
> Based on the defendant's role in the offense, increase the offense level as follows:
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

ically, the order instructed the magistrate judge to conduct a fact-finding inquiry into whether Massey's performance actually fell below an objective standard of reasonableness, the first prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[3] the standard for evaluating ineffective-assistance-of-counsel claims. The district court adopted the magistrate judge's finding that not only did Jones's claim fail because Massey's performance did not fall below an objective standard of reasonableness, it also failed because Jones failed to establish prejudice by showing that he would have accepted the plea offer of five years but for the alleged deficiency.

On appeal, Jones raises three issues. First, he contends that the district court erred by finding that he failed to establish that Massey provided ineffective assistance of counsel. Second, he contends that the magistrate judge committed reversible error by exceeding the scope of the district court's order regarding the evidentiary hearing. Finally, Jones argues that the district court erred by concluding that a recent amendment to U.S.S.G. § 3B1.1 did not require a new sentencing hearing with respect to the district court's application of that provision to his sentence.

## II.

### A. Ineffective Assistance of Counsel

Jones claims that he received ineffective assistance of counsel because Massey failed to advise him of all the possible consequences of proceeding to trial. Specifically, he claims that Massey did not advise him that the district court could consider relevant conduct to enhance his sentence and that relevant conduct under the guidelines includes prior illegal drug activities irrespective of convictions for those activities. Moreover, Jones claims that Massey rejected the five-year plea

offer before consulting him, and advised Jones that this was a good case to argue because Jones had no prior convictions and the substance he actually purchased was not cocaine. Jones claims that Massey never stated that prior conduct could affect his sentence. Despite Jones's testimony that Massey rejected the five-year plea offer without consulting him, the magistrate judge concluded otherwise, finding that Massey told Jones about the plea offer, advised him that it was a good deal, and that Jones rejected the offer in hopes of an acquittal at trial.

The district court found that Massey's performance in advising Jones of the risks involved with a trial as opposed to accepting the plea offer did not fall below an objective standard of reasonableness. We agree with this conclusion. The facts suggest that Massey adequately advised Jones with respect to the plea offer and the potential sentence that he would receive based on the information that Jones gave him. If Jones had no prior offenses, his sentence most likely would not have exceeded ten years. Crediting Massey's testimony over Jones's, the magistrate judge concluded that the evidence did not support a finding that Massey's performance fell below the objective standard of professionalism. We agree that the evidence supports this conclusion. Though Massey probably could have been more explicit in his advice to Jones, the record does not suggest that his performance was deficient. We note, however, that counsel's failure to inquire further about his client's relevant conduct or to advise him of the consequences of relevant conduct comes close to being objectively unreasonable.

Even if Massey failed to advise Jones that relevant conduct could affect his sentence, Jones has not shown that he would

---

**3.** The second prong of *Strickland* requires the petitioner to establish, in addition to the deficiency of counsel's performance, that there is a reasonable probability that, but for coun-

sel's errors, the results of the proceedings would have been different. *See id.* at 694, 104 S.Ct. 2052.

have accepted the plea offer. The fact that he lied at trial when he knew the government was aware of his prior cocaine deals suggests otherwise. Therefore, we affirm the district court's conclusion that Massey did not render ineffective assistance during Jones's consideration of the five-year plea offer.

### B. Magistrate Judge's Report and Recommendation

■ Jones next argues that the magistrate judge committed reversible error when he exceeded the scope of the district court's order and found that Jones failed to meet both prongs of the *Strickland* analysis. Jones's claim is based on his belief that the district court determined, based on Jones's allegations alone, that Massey's performance was deficient.

Because the district court concluded that Massey's performance was deficient, Jones reasons, the magistrate judge's sole obligation was to determine whether there were facts supporting Jones's claim that he was prejudiced by the deficiency. By finding facts regarding both prongs and recommending to the district court that Jones failed both elements of the *Strickland* analysis, Jones contends that the magistrate judge exceeded the scope of the order and essentially overturned the district court's finding that Massey's performance was deficient. Jones's argument fails for several reasons.

First, the district court did not make conclusive findings that Massey's performance was deficient. To support his claim, Jones points to the district court's statement that: "[A]t this stage in the proceeding, [Jones] has established that his counsel failed to perform according to prevailing professional norms as required by the first prong of *Strickland*." Though compelling, the court's other statements belie the conclusive nature of this statement. Specifically, in announcing its order, the court stated that Jones's allegations that Massey insisted that he would serve only ten years, instead of the twenty-seven years to which he was actually sentenced may, *if proven*, fall below an objective standard of reasonableness. The court's statement simply does not warrant a conclusion that it engaged in careful consideration and analysis with respect to Massey's performance because the court merely considered Jones's allegations *at that stage in the proceedings*.

Additionally, the district court acknowledged that its original order lacked clarity as to the scope of the magistrate judge's duty. Nevertheless, the court intended and expected the magistrate judge to conduct a hearing on facts relevant to both prongs of *Strickland*. Rejecting Jones's argument, the court stated: "The court could hardly have made a factual finding based on the allegations of the petition [sic] that counsel's performance was in fact deficient."

Finally, the court conducted a *de novo* review of the magistrate judge's findings and adopted the magistrate judge's report and recommendation that the facts did not support a finding that Massey rendered ineffective assistance during his representation of Jones and, more specifically, during Jones's consideration of the five-year plea offer. Rather, the facts proved that Massey advocated the only defense available to Jones and that the "defense was undercut and destroyed by defendant's failure to fully advise counsel of his prior drug dealings." More important, the court found that Massey, though he was unaware of Jones's prior drug dealing with Woods, advised Jones that the five-year offer was a "really good offer." The facts suggest that even if Jones had proved the first prong of *Strickland*, he has not shown that he was prejudiced by Massey's performance. Accordingly, we hold that the magistrate judge did not commit reversible error by conducting an evidentiary hearing with respect to both prongs of the *Strickland* test.

### C. Sentencing Error

■ Finally, Jones claims that the district court erred by failing to apply the

1993 amendment to U.S.S.G. § 3B1.1—Amendment 500—to determine whether his sentence should be enhanced under that provision.[4] Jones argues that in finding that his conduct warranted an enhancement pursuant to § 3B1.1, the district court relied upon his control of property rather than his control of another participant. Amendment 500 and subsequent case law make clear that in order to apply an enhancement pursuant to § 3B1.1, "a defendant must manage, supervise, lead, or organize at least one participant in a criminal enterprise." *United States v. Gort–DiDonato,* 109 F.3d 318, 322 (6th Cir.1997).

Although Jones unsuccessfully challenged the district court's enhancement of his sentence pursuant to § 3B1.1 on direct appeal, it does not appear that he specifically argued that Amendment 500 should be applied. It is well settled that an argument not raised on direct appeal is waived. *See Grant v. United States,* 72 F.3d 503, 505–06 (6th Cir.1996). Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley,* 512 U.S. 339, 348, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citation omitted). It is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. *See Oliver v. United States,* 90 F.3d 177, 180 (6th Cir.1996); *see also Davis v. United States,* 417 U.S. 333, 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

Whether we consider Jones's argument as an attempt at relitigation or an argument that he waived, that argument cannot be entertained in a § 2255 motion. We first note that there was no intervening change in the law in this case; Amendment 500 became effective November 1, 1993, one month prior to Jones's direct appeal. Jones therefore could have raised this specific argument on direct appeal; in addition, this court had the benefit of Amendment 500 when we affirmed Jones's sentence. Moreover, an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 absent a complete miscarriage of justice. *See Grant,* 72 F.3d at 506. Jones's claim falls short of exhibiting exceptional circumstances or indicating a "complete miscarriage of justice." Accordingly, we find no reason to allow Jones to relitigate this claim or excuse his waiver for failing to make this specific argument at the time of his direct appeal.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

4. On November 1, 1993, Application Note 2 to § 3B1.1 became effective, which clarifies that in order to qualify for an enhancement under this provision, a defendant must have been the organizer, leader, or supervisor of one or more other participants. The Application Note further explains that an upward *departure* (not an enhancement) may be warranted, but is not required under this section when a defendant did not supervise one or more participants, but nonetheless exercised management responsibility over the property, assets, or activities of a criminal organization. *See* U.S.S.G. Appendix C, Amendment 500.