Jaime RIVERA, Petitioner–Appellant,

v.

WARDEN, FCI, ELKTON,
Respondent–Appellee.

No. 00–4272.

United States Court of Appeals,
Sixth Circuit.

Nov. 20, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

SUHRHEINRICH, Circuit Judge.

Petitioner Jamie Rivera appeals the dismissal of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus. We AFFIRM for the following reasons.

## I. BACKGROUND

On November 22, 1991, Rivera was convicted in the federal district court for the Eastern District of Pennsylvania of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1), distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4), distribution of cocaine within one thousand feet of a protected location in violation of 21 U.S.C. § 860 (Counts 5 and 8), and possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 7). On June 1, 1992, Rivera was sentenced to 292 months imprisonment, 10 years supervised release, and a $100,000.00 fine. On June 10, 1992, Rivera appealed to the United States Court of Appeals for the Third Circuit. However, Rivera then voluntarily dismissed the appeal under Fed. R.App. P. 42(b) on September 18, 1992.

On May 6, 1993, Rivera moved pro se under 28 U.S.C. § 2255 in the district court for the Eastern District of Pennsylvania to vacate, set aside, or correct his sentence. The district court held an evidentiary hearing, at which Rivera was represented by counsel, and then denied the motion on May 19, 1994, without deciding several sentencing issues that he raised. *United States v. Rivera,* Nos.Crim. A. 91–00394, Civ. A. 93–2411, 1994 WL 242528 (E.D.Pa. May 19, 1994). Rivera again ap-

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

pealed to the Third Circuit on May 31, 1994, but then moved to stay the appeal and to remand for consideration of the sentencing issues raised in his § 2255 motion. The Third Circuit denied the motion to stay and affirmed the denial of Rivera's § 2255 motion.

On January 23, 1997, Rivera moved under Fed. R.App. P. 60(b) for relief from judgment in the district court for the Eastern District of Pennsylvania. This motion was transferred by the district court to the Third Circuit as a request to file a second or successive § 2255 motion, which the Third Circuit then denied.

On July 7, 1998, Rivera moved pro se under 18 U.S.C. § 3582(c)(2) in the district court for the Eastern District of Pennsylvania to reduce his sentence based on changes in the Sentencing Guidelines, which the district court denied.

On June 28, 1999, Rivera petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court for the Northern District of Ohio where he is incarcerated. Rivera claimed that he was denied his Sixth Amendment right to the effective assistance of counsel because his defense counsel did not properly advise him of the ramifications of waiving his right to direct appeal. He also claimed that he was denied an adequate remedy under his first § 2255 motion because the district court did not address his sentencing issues in which he challenged his enhancement for (1) selling drugs within 1,000 feet of a school zone, (2) being an organizer, leader, or supervisor, and (3) the quantity of drugs used as the basis of Petitioner's sentence. Rivera further argued that the Sentencing Guidelines in effect at his sentencing were vague, and that although the Sentencing Commission later clarified them, it did not retroactively apply them to him. Moreover, he argued that he was denied his due process right under the Sentencing Reform Act to petition the Sentencing Commission for a modification of the Sentencing Guidelines because the Sentencing Commission then had no members. 28 U.S.C. § 994(s).

The district court concluded that Rivera's claims essentially challenged the imposition of his sentence rather than the execution of his sentence and, therefore, properly belonged in a § 2255 motion before his sentencing court and not in a § 2241 petition before the district court where he was incarcerated. Rivera raises five issues on appeal.

## II. DISCUSSION

After a direct appeal, a federal prisoner may move the sentencing court under § 2255 to vacate, set aside, or correct the imposition of a sentence. 28 U.S.C. § 2255. However, if § 2255 is inadequate or ineffective to test the legality of the prisoner's detention, the prisoner may apply under § 2241 for a writ of habeas corpus. 28 U.S.C. §§ 2241, 2255; *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir.1979). Section 2255 is used typically to challenge the *imposition* of the sentence, whereas, § 2241 is typically used to challenge the *execution* or *manner* in which the sentence is served. *Bradshaw,* 86 F.3d at 166; *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991); *Wright v. United States Bd. of Parole,* 557 F.2d 74, 77 (6th Cir. 1977).

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, a district court may hear a second or successive § 2255 motion only if a three judge panel of the appropriate court of appeals certifies that it contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Furthermore, a district court may dismiss a subsequent motion that alleges new and different grounds for relief if the movant's failure to assert those grounds in a prior motion constitutes "an abuse of the procedure." 28 U.S.C. § 2255; *Charles,* 180 F.3d at 756.

A movant under § 2255 may challenge the conviction or sentence on four grounds: (1) the sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255. Although this language is fairly broad, § 2255 provides a "savings clause," where § 2255 may be "inadequate or ineffective to test the legality" of a prisoner's detention. In these limited circumstances, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or imposition of sentence. 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 756; *accord In re Hanserd,* 123 F.3d 922, 929 (6th Cir.1997); *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997).

■ Application of the "savings clause" is very limited. Section 2255 is not inadequate or ineffective simply because § 2255 relief has been denied, procedurally barred, or barred as a second or successive petition. *Charles,* 180 F.3d at 756; *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997); *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Bradshaw,* 86 F.3d at 166; *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988); *McGhee v. Hanberry,* 604

F.2d 9, 10 (5th Cir.1979). The petitioner must show that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles,* 180 F.3d at 756.

Section 2255 has been found inadequate or ineffective to test *Bailey* claims. In *Bailey,* the Supreme Court narrowly interpreted the term "use" of a firearm in 18 U.S.C. § 924(c)(1), which differed from the broad interpretation that several circuits adopted. *Bailey v. United States,* 516 U.S. 137, 142–43, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Many prisoners were barred from filing a second or successive § 2255 motion because *Bailey* was not a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review and the prisoners did not have any newly discovered and clear and convincing exculpatory evidence. Nevertheless, several circuits permitted them to raise *Bailey* claims under § 2241 to correct a fundamental miscarriage of justice because under the Supreme Court's clarification of the statute, they were "actually innocent" of a crime. *See Davenport,* 147 F.3d at 611–12; *Triestman,* 124 F.3d at 377–80; *Dorsainvil,* 119 F.3d at 251–52. *See also Bousley v. United States,* 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). It is unclear what circumstances other than actual innocence would render § 2255 inadequate or ineffective and permit a petition under § 2241. *Charles,* 180 F.3d at 757; *United States v. Barrett,* 178 F.3d 34, 57 (1st Cir.1999). Rivera raises five issues.

## A. Ineffective to Test Post– Sentencing Events

■ First, Rivera maintains that § 2255 is inadequate or ineffective to test his detention because his claims are based on post-sentencing events and, therefore, not cognizable in a § 2255 motion. Rivera argues that the vague sentencing guidelines in effect when he was sentenced have

been clarified but have not been retroactively applied to him. Rivera identifies Amendments 439, 500, 503, and 518. Each of these amendments were issued after he was sentenced on June 1, 1992.

■ When an amendment to the Sentencing Guidelines clarifies a vague guideline and results in a lower guideline range, a prisoner can move the sentencing court under 18 U.S.C. § 3582(c)(2) for a reduction in the sentence if the amendment is listed in U.S.S.G. § 1B1.10(c). None of the amendments that Rivera relies on are listed in U.S.S.G. § 1B1.10(c). Nevertheless, even if they were identified, Rivera still would move the sentencing court, not the district court where he is incarcerated. 18 U.S.C. § 3582(c)(2).

■ Nevertheless, if an amendment clarifies a sentencing guideline, rather than substantively changes a guideline, a sentencing court can reduce the sentence by applying the amendment retroactively, even if it is not listed in U.S.S.G. § 1B1.10(c). But again, in such a case the prisoner files a § 2255 motion with the sentencing court. *Jones v. United States,* 161 F.3d 397, 402–03 (6th Cir.1998), *amended by* 178 F.3d 790 (6th Cir.1999); *United States v. Cruz–Mendoza,* 147 F.3d 1069, 1072–73 (9th Cir.1998); *United States v. Marmolejos,* 140 F.3d 488 (3d Cir.1998); *Isabel v. United States,* 980 F.2d 60, 61–63 (1st Cir.1992).

Rivera also asserts that the Sentencing Commission denied him his right to due process by not considering petitions from prisoners to modify the Sentencing Guidelines. Rivera notes that the Sentencing Commission is charged with providing certainty and fairness in sentencing and reducing unwarranted sentence disparities. 28 U.S.C. §§ 991(b)(1)(B), 994(f). Rivera then argues that the Sentencing Commission was vacant for almost a year during which it could not give "due consideration" to requests from defendants to modify the

guidelines, as required by 28 U.S.C. § 994(s). However, such requests, if successful, would result in an amendment to a sentencing guideline, which, as discussed above, the prisoner properly would direct to the sentencing court under 18 U.S.C. § 3582(c)(2). Although these issues contemplate post-sentencing events, they essentially challenge the sentence imposed by the sentencing court rather than how it is executed.

### B. Original Failure to Address Sentencing Issues

■ Second, Rivera claims that his initial *pro se* § 2255 motion was inadequate or ineffective because the sentencing court did not address the sentencing issues that he raised in his initial motion. The district court did not review the sentencing issues because Rivera waived his direct review and thereby also waived consideration of his sentencing issues. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996) (holding that "non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver"). As discussed above, the fact that a prisoner is procedurally barred does not render § 2255 inadequate or ineffective. *Charles,* 180 F.3d at 757–58. Rivera simply has not established that § 2255 is inadequate or ineffective.

### C. Piecemeal Litigation

Third, Rivera contends that this § 2241 petition is the proper vehicle for his claims because he is not required to litigate his claims piecemeal. He argues that this case involves challenges both to the imposition of his sentence and to the execution of his sentence, i.e., the recognition of the ambiguous guidelines and the absence of commissioners on the Sentencing Commission. Rivera relies on *Cohen v. United States,* 593 F.2d 766, in which this Circuit allowed a petitioner proceeding under

§ 2241 to also raise issues that properly should have been brought by motion under § 2255. *Cohen* is readily distinguishable, however, because unlike *Cohen, id.* at 770–71, Rivera does not raise any claim that is properly brought under § 2241. As discussed above, both the vague sentencing guidelines and the absence of commissioners from the Sentencing Commission, even though they are post-sentencing events, are properly brought to the sentencing court in a § 2255 motion.

### D. Section 2241 Petitions Must be Decided on their Merits

Fourth, Rivera claims that the district court should have decided the case on its merits rather than dismiss it as an attempt to circumvent the procedures for second or successive motions under § 2255. Rivera further contends that a district court must analyze a petition under § 2241 on its own merits "without assuming that whatever cannot proceed under 2255 also proceed under 2241." Rivera relies on *Grey–Bey v. United States,* 209 F.3d 986 (7th Cir.2000); *Hernandez v. Campbell,* 204 F.3d 861 (9th Cir.2000); *In re Walker,* 238 F.3d 426, 2000 WL 1517155 (6th Cir.2000) (table). However, his reliance is misplaced. *Grey–Bey* and *Hernandez* are non-binding on this circuit as out-of-circuit cases, and *Walker,* although from the Sixth Circuit, is unpublished.

In *Walker,* the district court concluded that a petitioner's claim under a § 2241 case was actually a second or successive under § 2255 motion and transferred the case to the Sixth Circuit under 28 U.S.C. § 1631, so that it could construe the case as a request under 28 U.S.C. §§ 2244 and 2255 to file a second or successive § 2255 motion. However, the Sixth Circuit remanded the case to the district court to rule on Walker's request for § 2241 relief because Walker was entitled to seek habeas relief if he could show that § 2255 was inadequate or ineffective to test the legali-

ty of his detention. The *Walker* court distinguished *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997), in which the Sixth Circuit ruled that "district courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255." *Id.* at 47. The *Walker* court found that *Sims* did not apply because the gate-keeping provisions of §§ 2244 and 2255 only apply to second and successive applications for relief under §§ 2254 and 2255, and not to applications for habeas corpus relief under § 2241. *Id.* at 47; *United States v. Barrett,* 178 F.3d 34, 42 (1st Cir.1999); *Valona v. United States,* 138 F.3d 693, 694–95 (7th Cir.1998). The *Walker* court also reasoned that transferring the petition isolated the district court's decision from judicial review.

This case is distinguishable from *Walker.* The district court did not simply transfer Rivera's petition as though it were a § 2255 motion, but decided the merits of whether Rivera could satisfy the threshold to bring a § 2241 petition. Rather, the district court found that Rivera's petition was a collateral attack on his sentence and not on its execution, concluded that it should have been brought under § 2255, and then dismissed Rivera's § 2241 petition because he had not shown that § 2255 was inadequate or ineffective to test the legality of his detention and, therefore, was not entitled to bring a § 2241 petition.

### E. Right to Relief under Treaty

■ Fifth, Rivera claims that as a matter of international law he is entitled to a hearing on his claim that he is entitled to a reduced sentence under the Sentencing Guidelines. The International Covenant on Civil and Political Rights, Article 9, ¶ 4 (December 16, 1966) ("ICCPR"), 999 U.N.T.S. 171, provides that anyone who is

deprived of liberty is entitled to a hearing to determine if the detention is lawful. ICCPR, Article 15(1) provides that, "If, subsequent to the commission of the offense, provision is made by law for the imposition of the lighter penalty, the offender shall benefit."

Because it does not appear that Rivera raised this issue below, it need not be considered on appeal. *Brown v. Marshall,* 704 F.2d 333, 334 (6th Cir.1983). However, even if the panel considers this issue, Rivera's claim lacks merit. Rivera already has received several hearings. And, as discussed above, he is not legally entitled to the "lighter penalty."

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Rivera's petition for habeas corpus under § 2241.