178 F.3d 790
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Randell DURHAM, Defendant-Appellant.
 No. 97-6368.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 27, 1999.
Decided May 28, 1999.
 
 David A. Marye (argued and briefed), Office of the U.S. Attorney, Lexington, KY, for Plaintiff-Appellee.
 Stephen D. Milner (argued and briefed), Hughes, Lowry & Milner, Lexington, KY, for Defendant-Appellant.
 Before: MARTIN, Chief Judge; RYAN and GILMAN, Circuit Judges.
 OPINION
 BOYCE F. MARTIN, JR., Chief Judge.
 
 
 1
 James Durham appeals the district court's denial of his motion to withdraw his plea of guilty to escape from a halfway house, arguing that the government coerced him into pleading guilty. Durham also appeals the district court's denial of his Rule 35(c) motion to correct his sentence. We conclude that the district court did not err in denying either motion. The factors articulated in United States v. Spencer, 836 F.2d 236 (6th Cir.1987), indicate that Durham did not articulate a "fair and just reason" in support of his motion to withdraw his plea. In addition, the district court did not err, pursuant to U.S.S.G. § 3C1.2 n. 1, by applying a two-level "reckless endangerment" sentencing increase on the basis of Durham's assault of state and federal officers during his escape where that same conduct precluded the court from applying a four-level sentencing decrease.
 
 I.
 
 2
 A jury convicted James Durham of bank robbery, and the district court sentenced him to twenty years in prison on December 6, 1983, before the United States Sentencing Guidelines took effect. The district court then issued a modified judgment on October 21, 1985, reducing Durham's sentence to nineteen years. Durham was subsequently paroled but later recommitted for violating the terms of his parole. On May 30, 1996, Durham was transferred to a halfway house. His presumptive parole date was November 25, 1996.
 
 
 3
 On November 22, Deputy U.S. Marshals attempted to apprehend Durham at work to place him in the Franklin County Jail because a urine sample that Durham had given the previous day indicated cocaine use. Durham, however, never came to work that day and when he failed to return to the halfway house after work hours, authorities presumed that he had escaped.
 
 
 4
 Authorities eventually apprehended Durham, and on April 3, 1997, a federal grand jury indicted him for one count of escape in violation of 18 U.S.C. § 751(a), to which he pled guilty. On August 29, Durham filed a pro se motion to withdraw his guilty plea. He argued that the government had coerced him into pleading guilty. The district court denied the motion and sentenced him to thirty-three months imprisonment. In calculating his sentence, the district court specifically found that while Durham was a fugitive, he had attempted to strike federal and state law enforcement officers with the vehicle he was driving as they tried to apprehend him.
 
 
 5
 Durham filed a motion to correct his sentence, which the district court subsequently denied. Durham timely filed his notice of appeal on November 7.
 
 II.
 
 6
 This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Bashara, 27 F.3d 1174, 1180 (6th Cir.1994). Durham moved to withdraw his plea of guilty to the escape, alleging that the government had coerced him into pleading guilty. The district court denied the motion in light of this Court's decision in United States v. Spencer, 836 F.2d at 239-40, finding that Durham had not shown a "fair and just reason" for withdrawal.
 
 
 7
 Federal Rule of Criminal Procedure 32(e) provides that a court may permit a defendant to withdraw a plea prior to sentencing if he shows any "fair and just reason" for the withdrawal. Fed.R.Crim.P. 32(e). In Spencer, 836 F.2d at 239-40, this Court promulgated five factors for a court to consider in determining whether to grant a motion to withdraw: (1) the length of time between the guilty plea and the filing of the motion to withdraw, (2) the defendant's reason for not presenting the grounds earlier, (3) whether the defendant has asserted or maintained his innocence, (4) the circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt, and (5) any potential prejudice to the government, although a showing of prejudice is not necessary. In United States v. Pluta, 144 F.3d 968, 973 (6th Cir.1998), this Court added the defendant's prior experience with the criminal justice system as a sixth factor.
 
 
 8
 The strongest factor supporting the district court's denial of Durham's motion is the length of time between Durham's plea and the filing of his motion to withdraw. Durham waited approximately seventy-seven days to file his motion after entering his guilty plea. This Court has denied motions to withdraw based on even shorter gaps of time. See, e.g., United States v. Baez, 87 F.3d 805, 807 (6th Cir.1996) (calling a sixty-seven-day delay the strongest factor supporting its denial of the motion to withdraw); United States v. Goldberg, 862 F.2d 101, 104 (6th Cir.1988) (terming a fifty-five-day gap a "lengthy delay"). Durham did not offer any reason for his failure to file the motion earlier.
 
 
 9
 The remaining Spencer factors also support the district court's denial of Durham's motion to withdraw his plea. Durham did not maintain his innocence with regard to the escape, arguing instead that he had already served his sentence due to a miscalculation. Regarding the circumstances surrounding the plea, Durham argued to the district court that the government had coerced him into pleading guilty. Durham claimed that Assistant United States Attorney David Mayre contacted Durham's pregnant girlfriend to try to convince him to plead guilty to the escape; however, Mayre denied contacting Durham's girlfriend, and the district court found that Durham had failed to prove coercion. Additionally, allowing Durham to withdraw his plea and forcing the government to prepare its case once again would prejudice the government. Finally, Durham has had prior experience with the criminal justice system due to his conviction for bank robbery. The Spencer factors indicate that Durham did not articulate a fair or just reason in support of his motion. Thus, the district court did not abuse its discretion in denying Durham's motion to withdraw.
 
 III.
 
 10
 Durham argues on appeal that the district court erred in denying his Rule 35(c) motion to correct his sentence. This Court reviews a district court's denial of a Rule 35 motion for abuse of discretion. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986).
 
 
 11
 Durham escaped from the halfway house after the United States Sentencing Guidelines took effect, and his sentence is covered under U.S.S.G. § 2P1.1(a)(1). This provision provides a base offense level of thirteen for escape from confinement following a conviction. The guidelines, U.S.S.G. § 2P1.1(b)(3), mandate that a district court judge decrease a defendant's base offense level by four if the defendant escaped from a halfway house. The judge may not, however, apply this reduction if the defendant committed an offense punishable by imprisonment for one year or more during his escape. See id. Based on its finding that Durham assaulted state and federal officers during his escape, an offense punishable by imprisonment for one year or more, the district court could not apply the reduction. The guidelines, U.S.S.G. § 3C1.2, also instruct a district court to increase a defendant's base offense level by two if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Based once again on its finding that Durham assaulted the officers, the district court increased his base offense level by two.
 
 
 12
 The application notes to U.S.S.G. § 3C1.2, however, state that the district court should not apply the "reckless endangerment" increase where the court has already applied an equivalent or greater increase, pursuant to chapter two of the guidelines, based solely on the same conduct. Id. n. 1. Durham filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(c), claiming that, according to U.S.S.G. § 3C1.2 n. 1, the district court erred by applying the two-level "reckless endangerment" increase based on his assault of the officers when it had already refused to apply the four-level reduction based on the same conduct. The district court ruled that, because its calculation was an interpretation of the guidelines rather than a mandatory provision, it lacked jurisdiction to correct the sentence.
 
 
 13
 The advisory committee's notes to Rule 35(c) provide that a court's authority to correct a sentence is very narrow, and that Rule 35(c) does not afford the district court an opportunity to reconsider its interpretation of the guidelines. See Fed.R.Crim.P. 35(c) advisory committee's note. The rule, however, does allow a court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c). Because the district court did not impose Durham's sentence in error, it correctly found that it had no jurisdiction to reconsider the sentence.
 
 
 14
 A 1993 amendment to the guidelines, U.S.S.G. § 1B1.1 comment (n.4), provides that "[a]bsent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together)." Section 3C1.2 n. 1 does not instruct courts to the contrary. Section 3C1.2 n. 1 prohibits applying the two-level increase where the offense guideline in chapter two results in an equivalent or greater increase in offense level based on the same conduct. Although the district court was unable to apply the four-level reduction for escape from a halfway house, the court did not increase Durham's offense level above the base offense level. Absent an assertion to the contrary, § 1B1.1 governs and the district court correctly applied the two-level increase for "reckless endangerment." Because the district court did not impose Durham's sentence as a result of "arithmetical, technical, or other clear error," the district court correctly held that it lacked jurisdiction to correct the sentence under Federal Rule of Criminal Procedure 35(c).
 
 IV.
 
 15
 Durham failed to show any "fair and just reason" for the withdrawal of his guilty plea under the Spencer factors; therefore, the district court did not abuse its discretion in denying Durham's motion to withdraw his plea. The United States Sentencing Guidelines do not prohibit the application of a two-level increase under § 3C1.2 where a defendant's conduct during his escape precludes a court from applying a four-level decrease pursuant to § 2P1.1(b)(3). Accordingly, we hold that the district court was correct in denying both Durham's motions to withdraw his plea and to correct his sentence.
 
 
 16
 AFFIRMED.