**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David L. TATE, Defendant–Appellant.**

No. 01–3646.

United States Court of Appeals, Sixth Circuit.

April 1, 2002.

Before SILER and GILMAN, Circuit Judges; HEYBURN, District Judge.*

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

*ORDER*

David L. Tate, a federal prisoner, appeals his judgment of conviction on three counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of receiving stolen mail in violation of 18 U.S.C. § 1708. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Tate was indicted in December 2000 on six counts of bank fraud and four counts of receiving stolen mail. On March 1, 2001, he pleaded guilty to the four counts described above pursuant to a written plea agreement. The plea agreement included a provision setting the amount of restitution at $24,010, and stipulated that Tate's base offense level under the sentencing guidelines should be increased by four levels for amount of loss and by two levels for more than minimal planning. It further provided for a possible two-level decrease for acceptance of responsibility, if Tate demonstrated such acceptance. In addition, the plea agreement stated that Tate waived his right to appeal or to file a collateral challenge to his conviction and sentence as to "any and all matters," including the voluntary nature of his plea. At Tate's sentencing hearing, the district court noted statements made by Tate to the probation officer which cast doubt upon the validity of his guilty plea. Consequently, the district court conducted a lengthy colloquy regarding that issue. Satisfied that Tate did wish to plead guilty and was competent to do so, the district court proceeded to sentence Tate to 13 months in prison, 3 years of supervised release, and $24,010 in restitution. The judgment was entered on May 30, 2001.

On appeal, Tate argues that the district court erred in not vacating the previously-entered guilty plea.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Durham,* 178 F.3d 796, 798 (6th Cir.1999). Tate submitted a written statement to the probation officer during preparation of the presentence investigation report which complained of the violation of his rights by local law enforcement officers, denied criminal conduct, and accused defense counsel of forcing him to plead guilty. Tate's statement may be construed as a request to withdraw his guilty plea and, in fact, the district court conducted a lengthy colloquy on that issue at the start of the sentencing proceeding. At the conclusion of the district court's inquiry, Tate admitted his criminal acts and reiterated his voluntary desire to plead guilty. Thus, Tate forfeited his right to appeal this issue absent plain error. *See United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998). We find no plain error in this case.

A motion to withdraw a guilty plea made before sentencing may be granted if the defendant shows any fair and just reason. *United States v. Hunt,* 205 F.3d 931, 936 (6th Cir.2000); Fed.R.Crim.P. 32(e). The defendant has the burden of proving that withdrawal of the plea is justified. *Id.* Our review of the record satisfies us that the district court did not abuse its discretion in accepting Tate's renewed guilty plea rather than rejecting the plea and proceeding to trial.

Accordingly, the district court's judgment is affirmed.