**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0849n.06
Filed: October 17, 2005

No. 04-4140

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,       )
                )
     **Plaintiff-Appellee,**     )     **ON APPEAL** FROM THE
                )     UNITED STATES DISTRICT
v.                  )     COURT FOR THE NORTHERN
                )     DISTRICT OF OHIO
OTHA HILSON, III,        )
                )     **O P I N I O N**
     **Defendant-Appellant.**   )
                )

**Before: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Otha Hilson, III ("Hilson") appeals the district court's denial of his motion to withdraw his guilty plea on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court concluded that Hilson had not shown a fair and just reason for requesting the withdrawal, and imposed the statutory minimum sentence of fifteen years. For the reasons discussed below, we **AFFIRM** the district court's judgment denying Hilson's motion to withdraw his guilty plea.

## I. BACKGROUND

On June 10, 2003, Hilson was indicted for being a felon in possession of a firearm. Hilson initially pleaded not guilty before a magistrate judge. On January 20, 2004, the government filed an Armed Career Criminal Notice, advising Hilson that he was subject to the sentencing

enhancement provisions of 18 U.S.C. § 924(e)(1).[1]  On January 26, 2004, Hilson entered into a plea agreement.  That same day, the district court held a plea hearing in which Hilson pleaded guilty to being a felon in possession of a firearm.  The parties agreed to hold the sentencing terms in abeyance while Hilson negotiated with the government for a substantial-assistance departure under U.S.S.G. § 5K1.1.

At the plea hearing, the district court took great care to verify that Hilson understood the significance of his plea, the severity and range of his possible sentences, and the government's discretion about whether to grant him a substantial-assistance departure under § 5K1.1.[2]  Hilson acknowledged that he understood he would not be able to back out of the plea agreement.  The court emphasized that the government might not make the § 5K1.1 assistance motion, and that neither the court nor his counsel could force the government to make that motion.[3]  The court stressed that

---

[1]Prior to this case, Hilson had been convicted of four relevant felonies:  (1) aggravated trafficking in drugs in 1993; (2) felonious assault in 1993; (3) assault second degree felony in 1992; and (4) robbery third degree felony in 1992.  J.A. at 29-30 (Armed Career Criminal Notice at 1-2); J.A. at 133-35 (Presentence Report at 6-8).

[2]Concerned that Mr. Hilson might not understand the range of possible sentences that he could receive, the district court required both parties to put on record at the sentencing hearing what they believed to be the best and worst possible sentencing outcomes for him.  The government stated that Hilson faced a worst-case scenario of a criminal history category VI and offense level 34, resulting in a sentencing range of 262 to 327 months.  J.A. at 74 (Plea Hr'g Tr. at 15).  Hilson's best-case scenario would be a criminal history category V and offense level 30, resulting in a sentencing range of 151 to 188 months.  J.A. at 75-76 (Plea Hr'g Tr. at 16-17).  The government explained, however, that because there was a fifteen-year statutory minimum involved, Hilson's sentencing range under the best-case scenario would actually be 180 to 188 months, not including any § 5K1.1 reduction sought by the government.  Mr. Hilson's attorney assured the court that he had "spent a significant number of hours" with Hilson discussing the sentencing possibilities, the defenses if he went to trial, the worst-case scenario, and the best-case scenario of a § 5K1.1 motion filed by the government.  J.A. 77 (Plea Hr'g Tr. at 18).

[3]Regarding the § 5K1.1 motion, appellant's counsel stated that he felt confident "that there's going to be enough information [provided by Hilson] there that the government may make that motion."  J.A. at 77 (Plea Hr'g Tr. at 18).  In response, the court emphasized that the government

2

without a § 5K1.1 motion it could not sentence Hilson to less than fifteen years. Hilson said that he understood and wished to proceed with his guilty plea, which the court then accepted.

On February 6, 2004, Mr. Hilson filed a pro se handwritten motion to withdraw his guilty plea stating, "My reason for this action is that my counsel is not holding my best interest in this matter and gave me a false sen[s]e of time dealing with sentencing." J.A. at 38 (First Mot. to Withdraw Plea). Hilson also requested new counsel be appointed to represent him, which the court granted. Shortly after new counsel was appointed, Hilson filed a motion to withdraw his previous motion to withdraw his guilty plea, explaining that "[f]or cause, the Defendant wishes to proceed with his guilty plea and requests that this matter be set for sentencing." J.A. at 54 (Mot. Withdrawing First Mot. to Withdraw Plea).

The presentence report issued on August 20, 2004 did not include a departure for substantial assistance under § 5K1.1[4] and also indicated that Hilson did not receive an adjustment for acceptance of responsibility. On August 27, 2004, Hilson filed a second motion to withdraw his guilty plea. On August 30, 2004, the district court heard arguments on the second motion to withdraw his plea and conducted a sentencing hearing. Based upon the arguments and a review of the plea-hearing transcript, the court denied Hilson's motion and sentenced him to 180 months, the lowest sentence that he could have received in light of the statutory mandatory minimum and the

---

is "under no obligation really to do it. They may do it and they may not." J.A. at 77 (Plea Hr'g Tr. at 18). Hilson's attorney acknowledged that Hilson was aware of that. J.A. at 77 (Plea Hr'g Tr. at 18).

[4]The government concluded that Hilson did not qualify for a downward departure for substantial assistance under § 5K1.1. J.A. at 89-90 (Sentencing Hr'g Tr. at 8-9) (stating that "while the government did give Mr. Hilson a number of opportunities to assist himself, he was not able to provide any information to the United States which would allow us to file a motion for a 5K").

3

absence of substantial assistance. Hilson has appealed the district court's denial of his motion to withdraw his guilty plea, but does not raise any issues relating to his sentence in his appellate brief.[5] We do not, therefore, consider his sentence as an issue in this appeal.

## II. ANALYSIS

We review for abuse of discretion a district court's decision to deny a defendant's motion to withdraw a guilty plea. *United States v. Hunt*, 205 F.3d 931, 936 (6th Cir. 2000). "[T]he withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987) (internal quotation omitted). In order to withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The purpose of Rule 11(d) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (internal quotations omitted).

The court may consider the following factors, among others, in deciding whether to grant permission to withdraw a guilty plea: "(1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government

---

[5]In his notice of appeal, Hilson did give notice of his intent to appeal both the sentencing determination and the denial of the motion to withdraw his plea, but his appellate brief only addresses the denial of the motion. *See* J.A. at 27 (Notice of Appeal); Appellant Br. at 2.

4

if the motion to withdraw is granted." *United States v. Goldberg*, 862 F.2d 101, 103-04 (6th Cir. 1988). The factor of potential prejudice to the government need not be addressed unless the defendant first establishes a fair and just reason for withdrawing his plea. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). In *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1988), we also added as a factor the defendant's prior experience with the criminal justice system. These factors "are a general, non-exclusive list and no one factor is controlling." *Bazzi*, 94 F.3d at 1027.

We agree with the district court that the factors outlined in *Goldberg* necessitate denying the defendant's motion to withdraw his guilty plea. First, Hilson did not hastily enter his guilty plea with an "unsure heart" or a "confused mind." *Id*. The district court exercised care to ensure that Hilson understood the permanence of a guilty plea and that he acted intelligently, knowingly, and voluntarily. Hilson's argument that the plea hearing did not enable him to have a clear road map of the sentence he faced is unpersuasive given that the district court required the parties to articulate the best- and worst-case sentencing outcomes should Hilson enter a guilty plea. The court also verified that Hilson understood that the government had the sole discretion to determine whether or not to make a § 5K1.1 motion, and that neither the court nor Hilson could make such a motion. The fact that Hilson waited 213 days between entering his guilty plea and making this motion also supports denial of the motion.[6] We have held that much shorter delays support denials of motions

---

[6]Hilson argues that the motion to withdraw was timely, citing to his first motion to withdraw his guilty plea. He argues that his second motion to withdraw should relate back to his first motion to withdraw for the purposes of timing, but he does not cite any precedent to support such a relation-back. Furthermore, at Hilson's own subsequent motion, the district court granted his request for withdrawal of his first motion to withdraw his plea. Because Hilson has not attacked the validity of the motion to withdraw his first motion to withdraw (such as ineffective assistance of counsel, incompetency, etc.), that first motion was effectively withdrawn. Thus we are persuaded by the

5

to withdraw. *See United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (stating that defendant's unjustified seventy-five-day delay was itself sufficient to warrant the district court's denial of a motion to withdraw); *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999) (calling a seventy-seven-day delay "[t]he strongest factor" supporting the denial of the motion to withdraw); *Pluta*, 144 F.3d at 973 (stating that a four-month delay supported denial of a motion to withdraw). Here, as in *Valdez*, Hilson did not explain his failure to present his motion to withdraw to the court at an earlier time.

Mr. Hilson's failure consistently to maintain his innocence also weighs against granting his motion. He signed a guilty plea, admitted to the factual basis for the crime at his plea hearing, and failed to assert his innocence in either of his motions to withdraw his guilty plea. *See Durham*, 178 F.3d at 799 (citing the defendant's failure to maintain his innocence as a factor supporting denial of motion to withdraw). Finally, Hilson's extensive experience with the criminal justice system suggests that he had a sufficient understanding of the situation to render a voluntary, knowing, and intelligent plea. Given that he has been convicted of ten criminal offenses as an adult over a period of more than fifteen years, Hilson was "not a naive stranger to the criminal proceedings in which he was involved." *Pluta*, 144 F.3d at 974. Hilson has not met his burden of presenting a fair and just reason for the withdrawal of his plea under Rule 11(d). The district court did not abuse its discretion in denying his motion.

---

government's argument that the relevant time frame is between the guilty plea and Hilson's second motion to withdraw his plea.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment denying Hilson's motion to withdraw his guilty plea.