NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0536n.06
Filed: July 26, 2006

No. 05-3132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Gerald West, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: MARTIN and GILMAN, Circuit Judges; and SARGUS, District Judge.**[*]

**RONALD LEE GILMAN**, **Circuit Judge.** Gerald West pled guilty to attempting to escape from custody while awaiting sentencing for armed bank robbery. More than six months later, he moved to withdraw his guilty plea, claiming that he was innocent of the charge of attempted escape. The district court denied West's motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In February of 2004, West was indicted for attempting to escape from custody from the Ashtabula County jail, a facility where he was being temporarily held before sentencing on his

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

federal conviction for armed bank robbery. West entered a guilty plea on the attempted-escape

charge in April of 2004.

At the guilty-plea hearing, West stated that he understood the elements of the charge of

attempted escape, the maximum statutory penalty, and the rights that he would forfeit by pleading

guilty. He informed the district court that he was pleading guilty "on my free will" and not because

of coercion or promises made by others. West further told the court that the reason he was pleading

guilty is because he was in fact guilty of the charge of attempted escape.

The government demonstrated a factual basis for the plea of guilty during the hearing.

Assistant United States Attorney Thomas Bauer summarized the government's evidence as follows:

> [O]n December 29, 2003, Mr. West was a federal prisoner incarcerated at the
> Ashtabula County jail awaiting sentencing on a bank robbery charge . . . . While so
> incarcerated, the evidence would show that the defendant attempted to escape by
> banging a metal-frame bed against the window. And I believe he broke the interior
> window and began to break the exterior window. He also tied four sheets together
> when the authorities of the jail came down and caught him with the bed banging
> against the window and the sheets tied together.

The district court accepted West's plea and scheduled a sentencing hearing. After new counsel was

appointed at West's request, the sentencing hearing was rescheduled.

West, represented by new counsel, moved to withdraw his guilty plea in November of 2004.

He contended that he was innocent of the attempted-escape charge despite his lawyer's assertion that

West was informed of the "substantial body of evidence that the United States has compiled" to

support the indictment. In addition, West argued that he wished to exercise his right to a trial by

jury and that the government would not be prejudiced by the withdrawal of his guilty plea.

The district court denied West's motion to withdraw his plea because West (1) "waited more than six months after the Court accepted his plea—until his scheduled sentencing hearing—before notifying the Court that he wished to withdraw his plea," (2) "has not provided any explanation for the delay in filing his motion," (3) "expressly and repeatedly admitted his guilt during the change of plea hearing," (4) "appreciated the crime to which he was pleading guilty and the likely sentence range to which he would be subjected," and (5) did not produce "any persuasive evidence indicating that unusual circumstances surrounded his change of plea hearing." According to the district court, West was "competent at the time of his plea" and understood the questions posed to him during the plea colloquy. The district court recognized that the government would not be substantially prejudiced by the withdrawal of West's guilty plea, but believed that West was "pursuing the type of dilatory tactics strongly disfavored by the federal courts."

West was sentenced to 51 months of imprisonment pursuant to the then-mandatory United States Sentencing Guidelines and was given an alternate sentence of 60 months based on the findings in West's Presentence Report. The district court allowed West's sentence to run concurrently with the 146-month sentence that he was serving for his conviction for armed bank robbery. *Id.*

Although West will presumably incur no additional time in prison as a result of his concurrent sentence, he claims that his security status, and thus the type of facility in which he is confined, may be affected by the attempted-escape conviction. He also argues that he is innocent of the charge of attempted escape and deserves a trial by jury. West contends in his appellate brief

that he "directed previous counsel to withdraw his guilty plea shortly after it was entered." He does

not explain, however, why his previous counsel never filed the motion.

## II. ANALYSIS

### A.      Standard of review

We review the denial of a motion to withdraw a guilty plea under the abuse-of-discretion

standard. *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999). "A district court abuses its

discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law

or uses an erroneous legal standard." *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)

(citation and quotation marks omitted).

Rule 11(d) of the Federal Rules of Criminal Procedure (formerly Rule 32(e)) provides that

a defendant may withdraw his guilty plea before sentencing if the defendant can show a "fair and

just reason for requesting the withdrawal." The purpose of Rule 11(d) "is to allow a hastily entered

plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a

tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he

made a bad choice in pleading guilty." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)

(quotation marks omitted).

To determine whether a defendant has proffered a "fair and just reason" for withdrawing his

guilty plea, the following factors should be considered:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal
> earlier in the proceedings; (3) whether the defendant has asserted or maintained his
> innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the

> defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute as stated in United States v. Caseslorente,* 220 F.3d 727, 734-35 (6th Cir. 2000). These factors constitute a nonexhaustive list, with no particular factor controlling. *Bazzi*, 94 F.3d at 1027.

West's motion to withdraw his guilty plea was filed more than six months after he entered it. This delay weighs against permitting West to withdraw his plea. *See United States v. Valdez*, 362 F.3d 903, 913 (holding that a defendant's "unjustified 75-day delay, alone, supported the court's denial of a motion to withdraw"); *see also United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (holding that a defendant's delay of five months was unreasonable in part due to his "complete failure to offer any reasons for neglecting to raise the grounds for vacating the plea at some earlier point in the proceedings"). West did not offer any explanation in his written motion for why he waited until his sentencing hearing to seek the withdrawal of his guilty plea. He does contend, however, that he testified during the hearing on this motion that he had asked his previous counsel to withdraw the plea. That hearing is not part of the appellate record.

In his brief, West asserts that he had asked his original attorney to withdraw his guilty plea soon after it was entered. If he in fact did so and counsel neglected to act promptly, West should have moved for the appointment of another attorney prior to his sentencing hearing instead of waiting over six months after the entry of his guilty plea. *See United States v. Micciche*, 165 F. App'x 379 (6th Cir. 2006) (unpublished) (citing *United States v. Thompson*, 680 F.2d 1145, 1151 (7th Cir. 1982), for the proposition that "motions made on the eve of the sentencing hearing to

withdraw a guilty plea are disfavored"). West also should have informed his new attorney of the reasons for the delay so that these reasons could be included in West's motion to withdraw his guilty plea. At this stage, West's unsubstantiated assertion that he attempted to promptly file a motion to withdraw his guilty plea does not suffice to justify the lengthy delay, especially because we cannot determine whether West's original counsel rendered ineffective assistance. *Cf. United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990) (holding that, "[a]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations").

In addition, West has had prior experience with the criminal justice system. To start with, his confinement while awaiting sentencing on his armed bank robbery conviction is what led to the charge of attempted escape from the Ashtabula County jail. *See United States v. Pluta*, 144 F.3d 968, 974 (6th Cir. 1998) (affirming the denial of a motion to withdraw a guilty plea where the defendant was "not a naive stranger to the criminal proceedings in which he was involved"). West has prior convictions for receiving stolen property, burglary, and unlawful possession of a firearm.

Finally, the district court conducted an exemplary plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. West was informed of his rights and voluntarily admitted his guilt to the attempted-escape charge after hearing the government's evidence against him. Although West now asserts his innocence, the district court found that the "overwhelming evidence" of his guilt "leads to the inescapable conclusion" that West is pursuing dilatory tactics. We are thus of the

opinion that the district court did not abuse its discretion in reaching this conclusion and denying

West's motion.

## VI.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.