NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0453n.06

No. 08-1794

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 01, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| EMANUEL TAYLOR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| _____ | ) | |

Before: MOORE and GILMAN, Circuit Judges; and PHILLIPS, District Judge.[*]

**RONALD LEE GILMAN, Circuit Judge.** Emanuel Taylor, a five-time convicted felon, pled guilty to being a felon in possession of a firearm, ammunition, body armor, and more than five grams of crack cocaine. Six months later, Taylor attempted to withdraw his guilty plea, claiming that his counsel's performance was constitutionally ineffective. The district court denied Taylor's motion to withdraw after conducting an evidentiary hearing. For the reasons set forth below, we **AFFIRM** the judgment of the district court regarding the guilty plea but, at the government's request, **REMAND** the case for resentencing.

**I. BACKGROUND**

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

In November 2004, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a federal search warrant at Taylor's residence. The warrant was based on information from a confidential informant that Taylor possessed firearms on the premises. A loaded firearm, a bullet-proof vest, approximately 250 rounds of assorted ammunition, approximately $900 in cash, and over 5 grams of crack cocaine were seized. Taylor was arrested for being a felon in possession of a firearm, ammunition, and drugs.

The ATF agents testified without contradiction that Taylor was given his Miranda warnings. After being questioned by the agents, Taylor admitted that he sold cocaine and that the cocaine found in the house was his. He also admitted that he was aware of the firearm and the ammunition in the house. Based on his confession and the items seized in the search, a grand jury issued a four-count indictment against Taylor, charging him with unlawful possession of a firearm, ammunition, and body armor, all in violation of 18 U.S.C. §§ 922 and 931 (Counts One, Two, and Three, respectively), and with possession of crack cocaine with the intent to distribute the drug, in violation of 21 U.S.C. § 841(a)(1) (Count Four). After the indictment, Taylor retained Attorney Jerome Barney as his counsel. Barney had previously represented Taylor on other matters, including a murder case in which the jury acquitted Taylor.

Between January 2005 and August 2007, the government and Taylor engaged in extensive plea negotiations. The parties stipulated to 15 continuances of the trial date in order to further negotiate. In October 2007, nearly three years after the search took place, Taylor entered a guilty plea without the benefit of a Rule 11 Plea Agreement.

At the plea hearing, Taylor stated that Attorney Barney has been his counsel for four or five years and that he consulted Barney "a lot," both in person and by telephone. Taylor testified that their discussions regarding his current indictment convinced him that he should plead guilty. He told the district court that he was satisfied with Barney's representation and had no complaints. When questioned about the factual basis of his guilty plea, Taylor acknowledged his illegal possession of the firearm, ammunition, body armor, and crack cocaine. The court then accepted the plea.

In March 2008, six months after his plea hearing and four days before his scheduled sentencing hearing, Taylor engaged Attorney Claude Chapman as his substitute counsel. Chapman promptly filed a motion to dismiss the indictment based on an alleged violation of the Speedy Trial Act. The district court denied the motion. Chapman then moved to allow Taylor to withdraw his guilty plea. The motion was based solely on the argument that Attorney Barney had rendered ineffective assistance of counsel. After a hearing on the matter, the district court denied this motion as well. Taylor was ultimately sentenced to terms of 180 months' imprisonment on Counts One, Two, and Four, and 36 months on Count Three, all of which are concurrent.

Taylor now appeals. His original brief raised three issues involving the validity of his guilty plea and the reasonableness of his sentence. The government has subsequently agreed that the case should be remanded for resentencing, leaving on appeal the sole issue of whether Taylor should have been allowed to withdraw his guilty plea because Attorney Barney allegedly provided ineffective assistance of counsel.

## II. ANALYSIS

**A.** **Standard of review**

We review a district court's denial of a motion to withdraw a guilty plea under the abuse-of-discretion standard. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). The burden is on the defendant "to demonstrate that proper grounds exist for the granting of such a motion." *Id*.

**B.** **Analysis**

Taylor contends that his plea was not knowing and intelligent because Attorney Barney rendered ineffective assistance of counsel. He claims that Barney failed to investigate the prosecution's case by neglecting to move for (1) discovery, (2) the identity of the confidential informant, (3) dismissal based on a violation of the Speedy Trial Act, and (4) suppression of Taylor's confession.

As a general rule, a claim of ineffective assistance of counsel should be brought in a post-conviction proceeding under 28 U.S.C. § 2255, not on direct appeal. *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997) (holding that the record on direct appeal was insufficiently developed to permit the appellate court to assess the merits of the claim) (citation omitted). "[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). This court, however, has made exceptions to the general rule where the record has been adequately developed prior to the direct appeal. *See, e.g.*, *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (taking up the issue of ineffective assistance of counsel on direct appeal where the district court had denied the defendant's motion for a new trial after holding an evidentiary hearing).

-4-

In this case, the district court held an evidentiary hearing on Taylor's motion to withdraw, where Attorney Chapman outlined the aspects of Attorney Barney's representation that were allegedly deficient. Chapman was extensively questioned by the court. The government also had an opportunity to respond to the allegations and the evidence. After the hearing, the district court issued an opinion, concluding that Barney was not ineffective. We believe that the record of the motion-to-withdraw hearing and the district court's opinion constitute a record that is adequately developed for our review.

Turning now to the merits, we will apply the bedrock case of *Strickland v. Washington*, 466 U.S. 668 (1984), in evaluating the effectiveness of counsel. Taylor must show under *Strickland* (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced him. *See id*. at 687. An attorney's performance is deficient when it "falls below an objective standard of reasonableness." *Id*. at 688. A court deciding such a claim must judge the reasonableness of the attorney's challenged conduct based on the facts of the particular case, viewed as of the time of the attorney's conduct. *Id*. at 690. In the context of a guilty plea, an attorney provides ineffective assistance where counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

Attorney Barney's performance did not fall outside the wide range of professionally competent assistance. The evidence against Taylor was overwhelming. He confessed to possession of crack cocaine with the intent to distribute. The firearm, body armor, and ammunition were seized at his residence without dispute as to whom it belonged. In both March and October 2007, the government provided Barney with the search warrant for Taylor's house, an affidavit of the

government's confidential informant, the grand jury transcript of the two ATF agents testifying against Taylor, and an audiotape of a telephone call between Taylor and the confidential informant. The district court concluded, based on this information, that Barney reasonably believed that there was no need to demand discovery or to request a suppression hearing, and that pleading guilty was the wisest course for Taylor to take. Furthermore, there was a valid strategic reason for Taylor to plead guilty. By admitting guilt, Taylor was able to claim that he was entitled to a reduced sentence for his acceptance of responsibility.

Taylor has also failed to establish the prejudice prong of the *Strickland* test. He points to no evidence as to what a motion for discovery would have yielded that could offer a reasonable probability of changing the outcome of the case, nor does he claim that his confession was coerced or involuntary. His other allegations were similarly without merit. The district court therefore did not abuse its discretion in declining to grant Taylor's motion for withdrawal of his guilty plea on the ground of Attorney Barney's alleged ineffectiveness.

But even if Barney's performance was not constitutionally ineffective, Taylor would still be entitled to withdraw his guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The purpose of Rule 11(d) is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citation and internal quotation marks omitted). This court has articulated a multi-factored inquiry to assess whether a defendant has

provided a fair and just reason that warrants the withdrawal of his or her guilty plea. These factors

are:

> (1) the amount of time that elapsed between the plea and the motion
> to withdraw it; (2) the presence (or absence) of a valid reason for the
> failure to move for withdrawal earlier in the proceedings; (3) whether
> the defendant has asserted or maintained his innocence; (4) the
> circumstances underlying the entry of the guilty plea; (5) the
> defendant's nature and background; (6) the degree to which the
> defendant has had prior experience with the criminal justice system;
> and (7) potential prejudice to the government if the motion to
> withdraw is granted.

*Id.* (citation omitted).

Upon a review of these factors, we conclude that the district court did not abuse its discretion

in denying Taylor's motion to withdraw his guilty plea. The first factor weighs against Taylor. Six

months elapsed between the entry of his guilty plea and his motion to withdraw. As the district court

noted, the Sixth Circuit has affirmed denials of motions to withdraw in cases involving delays far

shorter than the delay in this case. *See, e.g.*, *United States v. Valdez*, 362 F.3d 903, 912-13 (6th Cir.

2004) (holding that a 75-day delay justified the denial of a motion to withdraw); *United States v.*

*Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (stating that a 77-day delay was the strongest factor

supporting the denial of the defendant's motion to withdraw his guilty plea); *United States v.*

*Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (denying the defendant's motion to withdraw his guilty

plea after he waited five weeks to file).

As to the second factor, Taylor has not established a valid reason for the six-month delay in

moving to withdraw his guilty plea. This factor therefore weighs against him. The third factor also

-7-

weighs against Taylor because he has not maintained his innocence. Instead, he confessed to the ATF agents and admitted under oath at his plea hearing that the prohibited items found in his residence belonged to him.

The fourth factor requires us to consider the circumstances underlying Taylor's guilty plea. Taylor was represented by counsel throughout the plea negotiations and at his plea hearing. Moreover, as discussed above, his counsel's performance was not constitutionally deficient. This factor therefore weighs against Taylor.

The fifth and sixth factors require us to consider Taylor's background and his familiarity with the criminal justice system. Taylor has a high school education and has no known emotional or mental problems. Moreover, he is a five-time convicted felon who is very knowledgeable about the criminal justice system. These factors weigh heavily in favor of the government.

Finally, we must consider whether the government will be prejudiced if the motion is granted. Granting the motion would delay the administration of justice and possibly require the government to re-interview witnesses. At the time of the motion to withdraw, the case was already three years old. Witnesses might forget certain events and the defense could argue that the time lapse makes their testimony unreliable. This final factor therefore weighs against Taylor.

In sum, all seven *Dixon* factors weigh against granting Taylor's motion. The district court therefore did not err in denying Taylor's request to withdraw his guilty plea.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court

regarding the guilty plea but, at the government's request, **REMAND** the case for resentencing.