NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0641n.06

Case No. 17-2206

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 26, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|  | ) |  |
| DEONTA MATTHEWS, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE:  SUTTON, GRIFFIN, and LARSEN, Circuit Judges.

SUTTON, Circuit Judge.  Deonta Matthews pleaded guilty to racketeering conspiracy and to receipt of a firearm while under indictment for a felony.  He moved to withdraw his plea, arguing that he rushed into it and that he didn't understand that certain conduct would be included in calculating his sentencing guidelines range.  The district court denied the motion to withdraw. Seeing no abuse of discretion, we affirm.

In 2016, a grand jury returned a four-count indictment against Matthews related to his participation in a Detroit-based gang called Related Through Money and his possession of a gun. The indictment said that Matthews participated in the gang by robbing a jewelry store in Wisconsin, attempting to rob a jewelry store in Kentucky, and murdering a rival gang member.  If convicted on all four counts, Matthews faced the possibility of life in prison.  On January 17, 2017, Matthews pleaded guilty to two of the charges:  racketeering conspiracy in violation of 18 U.S.C.

§ 1962(d), and receipt of a firearm by a person under a felony indictment in violation of 18 U.S.C. § 922(n). In exchange, the government agreed to dismiss the remaining counts. Matthews now faced a statutory maximum of 35 years.

In late April 2017, Matthews wrote a pro se letter to the court asking to withdraw his plea. He claimed that he rushed into the plea and that his lawyer misled him to believe that, at sentencing, the court would not consider the murder as conduct relevant to the racketeering conspiracy. The court held two hearings on the motion and allowed the government and Matthews' attorneys to file briefs addressing the issue. The court denied the motion and sentenced Matthews to 25 years.

On appeal, Matthews argues that the district court erred in denying his motion to withdraw the plea. The Criminal Rules allow a defendant to withdraw his plea if he provides "a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).

The district court did not abuse its discretion in denying Matthews' motion. *United States v. Giorgio*, 802 F.3d 845, 848 (6th Cir. 2015). The court considered the seven pertinent factors, *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), and reasonably applied them.

The court weighed the timing of Matthews' motion in his favor even though more than 100 days passed between Matthews' plea and his motion to withdraw, a gap that normally cuts against the defendant. *See United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004). The court excused the delay because Matthews filed the motion soon after receiving his presentence report, which treated the murder as relevant conduct for sentencing.

The court found that the remaining factors went the other way. Matthews did not claim innocence of the racketeering conspiracy or the firearm charge, standing by the factual basis for his guilty plea. Matthews had been actively involved in the case for years and received a benefit by pleading guilty—a maximum of 35 years rather than life. And the court recessed during the

2

plea hearing to give Matthews time to discuss the decision with his attorneys. The court noted that Matthews was 21 when he pleaded guilty and that he was an intelligent man who had graduated from high school. Matthews had recently pleaded guilty in a different case, confirming that this was not his first experience with the criminal justice system in general or with plea deals in particular. As for prejudice to the government, the court noted that Matthews pleaded guilty only two weeks before trial, after the government was well under way in preparing for the trial; that a cooperating witness had already been sentenced; and that Matthews criticized witnesses against him as snitches.

In addition, the court noted that Matthews' main complaint (treating the murder as relevant sentencing conduct) would be handled the same way whether Matthews pleaded guilty or went to trial. Either way, the court would decide at sentencing whether the government proved the murder by a preponderance of the evidence. On balance, the court reasonably found that Matthews did not show a fair and just reason to withdraw his plea.

Matthews' contrary arguments do not dissuade. Yes, he may have rushed into this decision initially. But that was why the court paused the plea hearing to give Matthews time to speak to his attorneys. After the break, Matthews confirmed his desire to plead guilty, stated that he was satisfied with his attorneys' representation, and acknowledged that the two offenses carried up to 35 years in prison.

Matthews complains that he did not think the murder would factor into the guidelines calculation, leading him to expect a lower range than the presentence report recommended. But a mistake in estimating the guidelines and a higher-than-expected range do not provide a permissible basis for withdrawing a plea. *United States v. Stephens*, 906 F.2d 251, 253–54 (6th Cir. 1990). Matthews suggests that his attorneys misled him to believe the court would not consider the

murder. But we see no reasonable basis for that belief in the record. Several months before the plea hearing, the court asked the probation department to calculate Matthews' potential guidelines range so that he would have that information before determining which course to take. That calculation included the murder as relevant conduct. At the plea hearing, one of Matthews' attorneys noted that sentencing would be a "mini trial" to determine the appropriate guidelines range and that he would argue for a sentence at the bottom of the range or for a departure. R. 283 at 10. Matthews also confirmed that no one had promised him anything in exchange for his guilty plea other than to dismiss the remaining counts against him. That leaves no room to conclude that Matthews' attorneys "grossly mischaracterized" Matthews' possible sentence. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005).

Matthews adds that the court overstated any prejudice to the government. But "forcing the government to prepare its case once again would prejudice the government." *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999). To that end, we have said that the government would suffer prejudice if a defendant withdraws after his codefendant is sentenced and the government no longer has the same leverage to convince the codefendant to cooperate, as the district court found here. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). Matthews' attempts to intimidate potential witnesses by calling them snitches also seems likely to put the government in a worse position to try the case. *Cf. United States v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003) (finding that harm to a witness can prejudice the government). No error occurred in weighing this factor against Matthews.

We affirm.

4